UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
SAMUEL S. JONES,                                    :        CASE NO. 1:15-CV-1190
                                                    :
                    Plaintiff,                      :
                                                    :
vs.                                                 :        OPINION & ORDER
                                                    :        [Resolving Doc. 27]
CITY OF CLEVELAND, et al.,                           :
                                                    :
                    Defendants.                     :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Samuel S. Jones brings claims under 42 U.S.C. § 1983 against Defendants City of Cleveland, Officer Barry Bentley, Officer Gene Sardon, and former Cleveland Police Chief Michael McGrath.[1] Plaintiff says that Defendants violated his constitutional rights when Officers Bentley and Sardon shot Plaintiff 13 times during a chase. Defendants move for summary judgment and for judgment on the pleadings.[2] For the following reasons, this Court **GRANTS** Defendants' motion.

## I. Background

On July 26, 2013, Plaintiff was at a Cleveland nightclub. He got into an argument with another patron and the people operating the bar told Jones to leave. Jones was apparently drunk.

After leaving the bar, Plaintiff went to his car and took out a firearm. With the gun, Plaintiff tried to go back into the nightclub but one of the club's bouncers, Dartanyian Washington, stopped him. Plaintiff struggled with and shot Washington.

---

[1] Doc. 1.
[2] Doc. 27. Plaintiff Opposes. Doc. 45. Defendants reply. Doc. 48.

Case No. 15-cv-1190
Gwin, J.

At the same time, Officers Bentley and Sardon were driving through the area in response to an unrelated incident. The officers witnessed Plaintiff shoot Washington. Officers Bentley and Sardon got out of their squad car and chased Plaintiff.

Plaintiff held on to his gun during the chase and at least part of the shooting. Plaintiff said that he "was trying to get rid of [the gun] in the process while [the officers] was firing."[3] Defendants say that Plaintiff held on to the gun and even fired the gun at Officers Bentley and Sardon during the chase.[4]

Officers Bentley and Sardon fired at Plaintiff. Between them, they fired 34 times, striking Plaintiff 13 times. Plaintiff says that several of the officers' shots hit him while Plaintiff was already on the ground.[5]

Plaintiff received medical treatment. Plaintiff survived the gunshots but suffered serious injury.

A jury convicted Plaintiff of felonious assault for his July 26, 2013 shooting of Washington.[6]

On June 12, 2015, Plaintiff filed the complaint in this case. Plaintiff alleges (1) violations of § 1983 for use of excessive force, (2) assault and battery, (3) negligence, (4) intentional infliction of emotional distress, (5) negligent infliction of emotional distress, and (6) liability under *respondeat superior*.

On December 16, 2015, Defendants moved for summary judgment and judgment on the pleadings as to all of Plaintiff's claims. Defendants say that Plaintiff's § 1983 claims lose on summary judgment because officers Bentley and Sardon's use of deadly force was objectively

---

[3] Doc. 27-2 at 20; *see also* Doc. 45-1 at 1.
[4] Doc. 27-3 at 2.
[5] Doc. 27-2 at 20; Doc. 45-1 at 2.
[6] Doc. 27-2 at 4–5.

Case No. 15-cv-1190
Gwin, J.

reasonable and that the officers are entitled to qualified immunity. Defendants say that they are entitled to judgment on the pleadings on Plaintiff's Ohio tort claims because a one-year statute of limitations stops those claims. Defendants also say that McGrath and the City of Cleveland are entitled to judgment on the pleadings because Plaintiff does not allege sufficient facts and because *respondeat superior* is unavailable for Plaintiff's claims.

On April 1, 2016, Plaintiff opposed Defendants' motion. Plaintiff says that officers Bentley and Sardon knew that Plaintiff tossed away his gun after the officers started shooting, yet they continued to shoot Plaintiff while he was on the ground. Plaintiff argues that this creates a genuine dispute of material fact. Plaintiff also says that *respondeat superior* is available in this case against Defendants McGrath and City of Cleveland. Plaintiff says that the one-year statute of limitations should begin to run from November 25, 2014, the date of the jury trial verdict, rather than July 26, 2013, the night of the shooting.

## II. Legal Standard

### Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[7] The moving party must first demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[8] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[9] The existence of some doubt as to the material facts is insufficient to

---

[7] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).
[8] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[9] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Case No. 15-cv-1190
Gwin, J.

defeat a motion for summary judgment.[10] But the Court views the facts and all reasonable

inferences from those facts in favor of the non-moving party.[11]

When parties present competing versions of the facts on summary judgment, a

district court adopts the non-movant's version of the facts unless the record before the court

directly contradicts that version.[12] Otherwise, a district court does not weigh competing evidence

or make credibility determinations.[13]

**Rule 12(c) Standard**

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c),

the Court employs the same standard as a motion to dismiss for failure to state a claim upon

which relief can be granted under Rule 12(b)(6).[14] Thus, "[f]or purposes of a motion for

judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing

party must be taken as true, and the motion may be granted only if the moving party is

nevertheless clearly entitled to judgment."[15]

### III. Discussion

**Plaintiff's § 1983 Claims**

Plaintiff says that Officers Bentley and Sardon violated his Constitutional rights when

they shot Plaintiff on July 26, 2013. Defendants move for summary judgment and say that

Officers Bentley and Sardon have qualified immunity.

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or
usage, of any State . . . subjects, or causes to be subjected, any citizen of the

---

[10] *Id.* at 586.
[11] *Killion*, 761 F.3d at 580 (internal citation omitted).
[12] *See Scott v. Harris*, 550 U.S. 372, 380 (2007).
[13] *Koren v. Ohio Bell Tel. Co.*, 894 F. Supp. 2d 1032, 1037 (N.D. Ohio 2012) (citing *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 470 (6th Cir. 2012)).
[14] *See Tucker v. Middleburg–Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008).
[15] *Id.*

-4-

Case No. 15-cv-1190
Gwin, J.

> United States . . . to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

An officer's use of excessive force in making an arrest can form the basis of a § 1983

claim for violating the Fourth Amendment.[16] However, not all uses of deadly force are excessive

or unconstitutional. Police officers may use reasonable deadly force in apprehending suspects

under some circumstances.[17] Use of reasonable force in making an arrest entitles the arresting

officer to qualified immunity from § 1983 claims.

District courts assess whether a police officer used excessive force or reasonable deadly

force under an objective reasonableness standard. District courts assess the officer's conduct in

light of all of the circumstances of the particular case. These circumstances include: the severity

of the criminal conduct at issue, whether the suspect posed an immediate threat to the safety of

the public and the officer, and whether the suspect was actively resisting arrest.[18] Courts consider

these factors from the perspective of a reasonable officer on the scene, who is often forced to

make quick judgments under rapidly evolving and tense circumstances.[19]

The criminal conduct at issue was severe. Defendant officers Bentley and Sardon

witnessed Plaintiff use a firearm to shoot Washington.

The officers easily had reason to believe that Plaintiff was an immediate threat to the

officers or others at the time the officers shot Plaintiff. Plaintiff had just shot Washington and

---

[16] *Graham v. Connor,* 490 U.S. 386, 395 (1989).
[17] *Tennessee v. Garner,* 471 U.S. 1, 11–12 (1985) ("Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force. Thus, if the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given.").
[18] *Graham*, 490 U.S. at 396–97.
[19] *Id.*

Case No. 15-cv-1190
Gwin, J.

was fleeing while still holding the firearm he had just used. Plaintiff could have intentionally or accidentally fired the gun while fleeing, creating danger for others.

Plaintiff was actively resisting arrest by fleeing. There is no indication that Plaintiff would have stopped running had the officers not shot Plaintiff.

In sum, officers Bentley and Sardon witnessed a shooting and tried to apprehend Plaintiff while he was still holding the gun. The situation developed quickly and the officers took action quickly.[20] Their use of deadly force against Plaintiff in this situation was reasonable. Defendant officers Bentley and Sardon are therefore entitled to qualified immunity as to Plaintiff's § 1983 claims. This Court **GRANTS** Defendants Bentley's and Sardon's motion for summary judgment on these claims.[21]

### Statute of Limitations for Plaintiff's Assault and Battery Claims

Defendants say that the applicable one-year statute of limitations bars Plaintiff's Ohio law assault and battery claims. They note that Plaintiff's claims stem from the officers' July 26, 2013, shooting Plaintiff. Defendants argue that the statute of limitations should run from July 26, 2013. Defendants conclude that the statute of limitations expired in July 2014, months before Plaintiff's June 2015 complaint was filed.

---

[20] Plaintiff makes some claim that officers Bentley and Sardon continued to fire at Plaintiff after he was on the ground, and that *these* shots were unreasonable. However, the situation developed quickly and Plaintiff continued to hold his gun for much, if not all, of the shooting he suffered. Furthermore, Plaintiff was running down an alley in the early morning hours, making it less likely that a reasonable officer would be able to tell that Plaintiff dropped his gun. Courts do not require police officers to stop shooting the second that a fleeing suspect discards his gun. *Mullins v. Cyranek,* 805 F.3d 760, 768 (6th Cir. 2015) (citing *Boyd v. Baeppler,* 215 F.3d 594, 602–04 (6th Cir. 2000) (officer was entitled to qualified immunity where he shot the decedent seven times even after the decedent had been brought down by another officer's shot); *Chappell v. City of Cleveland,* 585 F.3d 901, 910–16 (6th Cir. 2009) (officers were entitled to qualified immunity where they shot a knife-wielding suspect ten times); *Livermore ex rel Rohm v. Lubelan,* 476 F.3d 397, 401–05 (6th Cir. 2007) (finding it objectively reasonable for officer to fire two shots at suspect who posed a serious threat to other officers)). Even assuming that at least some of the shots hit Plaintiff after he tossed his gun and went to the ground, the officer's actions were reasonable under this line of cases.
[21] With their reply, Defendants argue that neither officer can be liable because Plaintiff cannot identify which officer shot Plaintiff. Because Defendants raise this argument for the first time on reply, it is waived, and the Court does not address it.

Case No. 15-cv-1190
Gwin, J.

With his response, Plaintiff says that case law on § 1983 claims favor running the statute of limitations from November 2014, when the jury acquitted Plaintiff of felonious assault against Officers Bentley and Sardon.[22] Plaintiff concludes that his assault and battery claims are therefore not time-barred.

However, Plaintiff's assault and battery claims are Ohio tort claims, not § 1983 claims. Ohio's one-year statute of limitations applies.[23] The time limitation begins to run when the cause of action accrues. In this case, the cause of action accrued on July 26, 2013, the date that Officers Bentley and Sardon shot Plaintiff.[24] Plaintiff field his complaint almost two years after the cause of action accrued. Therefore, Ohio's one-year statute of limitations bars Plaintiff's assault and battery claims. This Court **GRANTS** Defendants' motion for judgment on the pleadings as to these claims.

### Statute of Limitations for Plaintiff's Infliction of Emotional Distress Claims

Defendants say that a one-year statute of limitations also bars Plaintiff's intentional and negligent infliction of emotional distress claims.

Ohio law generally provides a four-year statute of limitations for infliction of emotional distress claims. However, when the basis of an infliction of emotional distress claim is another tort, the statute of limitations for the underlying tort applies instead of the four-year limitations period.[25]

---

[22] Doc. 41 at 3 (citing *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir. 1999)). *Shamaeizadeh* says that "[a] cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged." *Id.* This is not such a cause of action. The success of Plaintiff's § 1983 claim does not affect the validity of his underlying state court conviction for felonious assault against Dartanyan Washington.
[23] O.R.C. § 2305.111(B).
[24] O.R.C. § 2305.111(B)(1).
[25] *Crist v. Pugin*, Case No. 3:08-cv-501, 2008 WL 2571229, at *3 (N.D. Ohio June 25, 2008) (quoting *Stafford v. Clever Investigations Corp.*, 2007 WL 2800333, *2 (Ohio Ct. App.) ("Generally, the applicable statute of limitations for a claim of intentional infliction of emotional distress is four years. However, when the acts underlying the claim would support another tort, the statute of limitations for that other tort governs the claim for intentional infliction of emotional distress.").

-7-

Case No. 15-cv-1190
Gwin, J.

In this case, Plaintiff claims that Officers Bentley and Sardon intentionally or negligently inflicted emotional distress on Plaintiff when they shot Plaintiff on July 26, 2013. Plaintiff's assault and battery claims therefore underlie Plaintiff's infliction of emotional distress claims. As a result, Ohio's one-year statute of limitations for assault and battery applies. Because Plaintiff filed the complaint almost two years after the alleged assault and battery, the infliction of emotional distress claims are also time-barred. This Court **GRANTS** Defendants' motion for judgment on the pleadings as to these claims.[26]

### Judgment on the Pleadings for Defendants City of Cleveland and McGrath

Having found that officers Bentley and Sardon did not violate Plaintiff's Fourth Amendment rights, this court finds that Defendants McGrath and City of Cleveland are also entitled to judgment.[27]

Furthermore, Plaintiff's complaint lacks sufficient facts under Federal Rule of Civil Procedure 8 and *Iqbal*.[28] For example, Plaintiff does not identify any Cleveland policy or practice that caused the harms in this case.[29] With regard to Defendant McGrath, Plaintiff only says that McGrath failed to train or control officers Bentley and Sardon's conduct.[30] These

---

[26] Because the Court finds that Plaintiff's Ohio tort claims are all time-barred, the Court does not address Defendants' Ohio privilege argument.

[27] *Willis v. Neal*, 247 F. App'x 738, 745 (6th Cir. 2007). ("When no constitutional harm has been inflicted upon a victim, damages may not be awarded against a municipality.") (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 1573, 89 L. Ed. 2d 806 (1986)).

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("As the Court held in [*Bell Atlantic Corp. v.*] Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 [(2007)], the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusion' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (internal citations omitted).

[29] *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (". . . Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.").

[30] *Cf. Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998) ("Moreover, to establish a valid claim for improper supervision against a city's police chief [on summary judgment], the plaintiff must show 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'"). In the

Case No. 15-cv-1190
Gwin, J.

conclusory statements do not meet the minimal Rule 8 threshold and do not show a plausible

claim for relief against either defendant. This Court **GRANTS** Defendants' motion for judgment

on the pleadings as to Defendants McGrath and City of Cleveland.

### IV. Conclusion

For the reasons above, this Court **GRANTS** Defendants' motion for summary judgment.


IT IS SO ORDERED.



Dated: April 25, 2016                                    *s/        James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

motion for judgment on the pleadings context, Plaintiff would need to allege that McGrath encouraged this specific shooting or somehow participated in it. Plaintiff does not allege either.